UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID FOUCHE RHODES,            )
                                )
            Plaintiff,          )
v.                              )     No. 1:08-cv-24-SEB-JMS
                                )
GILBERT PETERS,                 )
                                )
            Defendant.          )

**Entry Discussing Motion for Summary Judgment**

Having considered the pleadings in this civil rights action and the defendant's motion for summary judgment, the court finds that the defendant's motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1. Plaintiff David Fouche Rhodes ("Rhodes") was formerly confined at the Branchville Training Facility ("Branchville") serving the executed portion of a sentence imposed following his conviction for a criminal offense. Branchville is a prison operated by the Indiana Department of Correction. The defendant in this action is Branchville Superintendent Gilbert Peters ("Superintendent Peters").

2. Rhodes was confined at Branchville at the time this action was filed. He has since been released on parole and is residing in Indianapolis. He claims in this case that while at Branchville he sought medical care in the form of a reversal of a colostomy.

3. Rhodes' complaint is filed pursuant to the ubiquitous 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

4. The right implicated by Rhodes' claim is the Eighth Amendment right to be free from the imposition of cruel and unusual punishments, for it is the Eighth Amendment which imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

> Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care

> must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (internal quotation and citation omitted).

*Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (some internal citations omitted). As to the second element, deliberate indifference requires a showing that the official was actually aware of a serious risk yet failed to take any action. See *Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 765 (7th Cir. 2002).

     5.    Because Superintendent Peters has established without contradiction from Rhodes that Rhodes was released from the custody of the Indiana Department of Correction in August 2008, and because Rhodes is therefore no longer subject to the medical decisions made by authorities at Branchville, the claim for injunctive relief is moot. *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same). A court lacks jurisdiction over a claim which is moot, *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). Accordingly, the motion for summary judgment must be **granted** insofar as Superintendent Peters seeks the dismissal of the claim for injunctive relief as moot.

     6.    Rhodes also seeks damages from Superintendent Peters. A corollary to the element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when [ ]he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at h[is] direction or with [his] knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Superintendent Peters' position as Branchville Superintendent does not make him liable for the mismanagement of an inmate's medical needs. *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir.1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted).

     7.    Superintendent Peters has many responsibilities at Branchville, but these do not include making medical decisions. He is not medically trained, and made no decision regarding Rhodes' medical care or treatment or the need for such. What he did in relation to such matters, when a concern was presented to him, was to refer an inmate to the medical administrator at the institution. Superintendent Peters had no knowledge of Rhodes' symptoms, his concerns, or the way in which his medical needs were or were not being addressed. On the one hand, therefore, this noninvolvement in Rhodes' medical care

would make it impossible for a reasonable jury to conclude that Superintendent Peters was deliberately indifferent to Rhodes' serious medical needs. On the other hand, Superintendent Peters acted reasonably in following the path of delegation which has been described.

> [i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004); *see also Hayes v. Snyder,* 2008 WL 4511881, *11 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one."). Because Superintendent Peters acted reasonably, and because "[w]hether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause," *Farmer v. Brennan,* 114 S. Ct. 1970, 1983 (1994), Superintendent Peters' motion for summary judgment must be **granted** as to the claim for damages against him in his individual capacity.

   8.   "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 305-06 (1st Cir. 1997) (internal quotation omitted). It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir. 1983). "[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987). However, Rhodes has not identified a genuine issue of material fact as to his claim in this case, and the defendant is entitled to judgment as a matter of law. The motion for summary judgment (dkt 23) is therefore **granted**.

   Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: 10/29/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana